**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **ASF GLOBAL, LLC,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **CIVIL ACTION: 1:22-00145-KD-M** |
| **SOFT-TEX INTERNATIONAL, INC.,** | ) | |
| **Defendant.** | ) | |

**ORDER**

This matter is before the Court on Plaintiff's "Verified Application for Entry of Default by the Clerk Pursuant to Rule 55(a)" (Doc. 10) and Motion for Default Judgment (Doc. 11).

On April 6, 2022, Plaintiff ASF Global, LLC (Plaintiff) initiated this action against Defendant Soft-Tex International, Inc. (Defendant). (Doc. 1). On May 3, 2022, the Summons was returned as executed on April 14, 2022 via certified mail as issued to "Soft-Tex International, Inc. c/o Mark Smiderle, 428 Hudson River Road, Waterford, NY 12188" and signed for by "Kim Briell." (Doc. 5). On June 6, 2022 Plaintiff filed an Application for Entry of Default and Motion for Default Judgment (Docs. 10, 11).

<u>Federal Rule of Civil Procedure</u> Rule 55 sets out a two-step procedure for obtaining a default judgment which includes -- as a prerequisite -- a Clerk's Entry of Default. Specifically, when a defendant fails to plead or otherwise defend, the moving party must first apply to the clerk of court for a clerk's entry of default. FED.R.CIV.P. 55(a). "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules," it is subject to entry of default. <u>Id</u>. However, a defendant is under no obligation to plead or otherwise defend until and unless it is "served with the summons and complaint." <u>Id</u>. Rule 12(a)(1)(A); *accord* <u>Securities and Exchange Commission v. Wright,</u> 261 Fed. Appx. 259, 261

1

(11th Cir. 2008). Thus, "b]efore a default can be entered...the party must have been effectively served with process." 10 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2682 at 14 (3rd ed.1998).  Only thereafter, may a court enter a default judgment against a defendant whom default has been entered, in accordance with Rule 55(b)(2).

As grounds for entry of a default, Plaintiff asserts that while service on the Defendant has been executed, the Defendant has not filed an answer or appeared, though it was required to plead or otherwise defend in response to the Complaint (per Fed.R.Civ.P. Rule 12) by May 5, 2022 (within 21 days of service).  The Defendant is a corporate entity.  Service of process on a corporation in a federal lawsuit is governed by Fed.R.Civ.P. Rule 4(h). Service under that rule must be accomplished in one of two manners: 1) in the manner prescribed under Rule 4(a)(1) for serving an individual; or 2) by delivering a copy of the summons and complaint to an officer, managing agent, general agent, or any other agent authorized by appointment or by law to receive service of process. Fed.R.Civ.P. 4(h)(1)(A)-(B).

To properly serve an individual under Rule 4(e)(1), a party must, unless federal law provides otherwise, serve the individual by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Federal law does not provide for service by certified mail.  Therefore we look to the law of Alabama (where action was brought) and to New York (where service was attempted) to determine whether service by certified mail was appropriate.

New York law does not appear to provide for service by certified mail under the facts of this case.  However, Alabama does allow service by certified mail.  Specifically, Alabama law provides that service of process shall be made on a corporation "by serving an officer, a partner (other than a limited partner), a managing or general agent, or any agent authorized by appointment or by law to receive service of process." Ala.R.Civ.P. 4(c)(6). Alabama Rule of Civil Procedure 4(i)(2)(B)(i) authorizes a plaintiff to effectuate service by certified mail as follows:

> (i) In the event of service by certified mail by the clerk, the clerk shall place a copy of the process and complaint or other document to be served in an envelope and shall address the envelope to the person to be served with instructions to forward. In the case of an entity within the scope of one of the subdivisions of Rule 4(c), the addressee shall be a person described in the appropriate subdivision....

Furthermore, Alabama Rule of Civil Procedure 4(i)(2)(C) provides when service by certified mail is deemed effective:

> (C) When Effective. Service by certified mail shall be deemed complete and the time for answering shall run from the date of delivery to the named addressee or the addressee's agent as evidenced by signature on the return receipt. Within the meaning of this subdivision, "agent" means a person or entity specifically authorized by the addressee to receive the addressee's mail and to deliver that mail to the addressee.

(emphasis added).

The record does not support the conclusion that the Defendant has been effectively served with the Summons and Complaint.  Rather, the record reveals that Plaintiff prepared a Summons for this Court to serve the Defendant corporation via certified mail with service to Soft-Tex International, Inc. c/o Mark Smiderle, 428 Hudson River Road, Waterford, NY 12188.  That Summons issued.  However, there is no record of Mark Smiderle personally receiving the

Summons and Complaint.  Instead, the executed Summons indicates that an unknown individual, Kim Briell, signed the certified mail return receipt card.  Plaintiff provides no information as to whether Kim Briell is an agent authorized by Smiderle (CEO of Soft-Tex) to receive and deliver mail to the addressee.  Most notably, Briell did not check "agent."  Accordingly, there is insufficient evidence that service has been properly perfected on the Defendant.

As such, it is **ORDERED** that Plaintiff's Verified Application for Entry of Default against the Defendant is **DENIED.**  As a result, it is also **ORDERED** that Plaintiff's motion for entry of default judgment (Doc. 11) is **MOOT.**

**DONE** and **ORDERED** this the **9th** day of **June 2022.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**