IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ASF GLOBAL, LLC,<br>    Plaintiff, | )<br>)<br>) |
| v. | )<br>) |
| SOFT-TEX INTERNATIONAL, INC.,<br>    Defendant. | )    CIVIL ACTION: 1:22-00145-KD-M<br>)<br>) |

**ORDER**

This matter is before the Court on Plaintiff's Notice of Filing Evidentiary Materials in Support of its Supplement, Supplement, and Proposed Judgment for the pending motion for default judgment. (Docs. 22, 23, 24).

Specifically, on September 23, 2022, the Court reviewed Plaintiff ASF Global, LLC (ASF)'s "Notice Regarding Clerk's Entry of Default and Pending Motion for default judgment" (Doc. 20) and the Clerk's default against the Defendant Soft-Tex International, Inc. (Doc. 19) (as supported by Plaintiff's (second) Application for Default (Doc. 16)).[1] (Doc. 21). The Court ruled that ASF's motion for default judgment was moot in part, granted in part, and denied in part as follows: moot as to the claim for breach of the Payment Agreement which was dismissed; denied as to the claims for *quantum meruit*, suit on verified account, and account stated; and granted as to

---

[1] In its "Notice," ASF incorrectly suggested that the first Motion for Default Judgment (Doc. 11) remained pending and was now "ripe to be decided" given the Clerk's entry of Default against Soft-Tex and because its Amended Application for Default has been granted. (Doc. 20). The second Application for Default (not Amended) was granted and such provided the basis for the Clerk's Entry of Default against Soft-Tex; however, the first Motion for Default Judgment was ordered moot on June 9, 2022 such that it was no longer pending. (Doc. 13 at 4). Nevertheless, the Court construed ASF's Notice (Doc. 20) as encompassing the recent assertions in support of its second Application for Default (Doc. 16) and, as applicable, the relevant assertions contained in, and exhibits attached to, its first Motion for Default Judgment (Doc. 11) -- treating the Notice as ASF's Second Motion for Default Judgment.

prima facie liability for the breach of contract claim. The Court also ruled that the award amount would be determined once the issues surrounding the attorneys' fees/cost request, as detailed in that Order, were resolved (ASF provided no discussion of the lodestar, no billing records, and no documentation in support of the amount sought (*e.g.*, invoices or itemized statements) leaving the Court unable to discern what work was billed, by which attorney, at what hourly rate, what number of hours per which attorney, and/or what costs were incurred, etc., to account for the sum requested).  As such, the Court ordered ASF to supplement the attorneys' fees/costs request, as well as a submit a proposed judgment.

The Court has already determined that ASF has established the prima facie liability of Soft-Tex for its breach of contract claim. (Doc. 21).  Due to Soft-Tex's breach, ASF presently seeks **$1,570,447.26** in compensatory damages, consisting of amounts owed by Soft-Tex including interest as of June 6, 2022. Specifically, as alleged by ASF in the Complaint, due to Soft-Tex's breach of contract ASF is owed compensatory damages plus all amounts that were invoiced and the amounts that Soft-Tex failed to pay after March 31, 2022, plus fees and charges associated with Soft-Tex's goods, pre- and post-judgment interest in the amount of 25% per annum, and all costs of collection. (Doc. 1 at 5). In support, ASF submitted the Credit Application and the Terms and Conditions, the Declaration of ASF representative Schock, and a summary printout of amounts owed by Soft-Tex as of June 6, 2022.  (Doc. 11-5).

The Credit Application provides that Soft-Tex "shall reimburse ASF for all reasonable costs incurred by ASF in collecting any late payments or enforcing any of the terms and conditions set forth herein, including, but not limited to, reasonable attorneys' fees and court costs." (Doc. 11-

2 at 3 at ¶13). The Credit Application is also subject to the Terms and Conditions (Doc. 11-2 at 3 at ¶2), which in turn provides, in relevant part, as follows:

> In any dispute involving monies owed to Company, the Company shall be entitled to all costs of collection, including reasonable attorney's fees and interest at 25% per annum or the highest rate allowed by law, whichever is less unless a lower amount is agreed to by Company.

(Doc. 11-3 at 6-7 at ¶14).[2] This is the basis for ASF's contention that it is entitled to 25% pre and post-judgment interest accruing on Soft-Tex's debt. Additionally, ASF's Proposed Judgment states that this is the sum sought for breach of contract compensatory damages *excluding* any attorneys' fees and costs: "[d]amages in the amount of $1,570,447.26, consisting of amounts owed by Soft-Tex, including interest as of June 6, 2022, except for attorney's fees and costs[.]" (Doc. 24-1 at 1). Moreover, in the Proposed Judgment ASF asserts: "[a]s provided in the contract between ASF and Soft-Tex, interest from the date of this judgment shall accrue on the foregoing amounts at the rate of 25% per annum or the highest rate allowed by law, whichever is less." (Id.)

ASF has not identified either "the highest rate allowed by law" for interest on collection costs (whether for pre and/or post-judgment), or provided an explanation of how it calculated the $1,570,447.26 sum. This is significant.

First, the contract provides that ASF is entitled to an interest rate that is the *lesser* of 25% per annum or the highest rate allowed by law -- "whichever is less, unless a lower amount is agreed to by the Company." There does not appear to be a lower amount agreed to by the Company. ASF seeks a 25% pre and post judgment interest rate. Yet, ASF has not identified the highest rate

---

[2] While the wording of this paragraph *suggests* a 25% interest on attorneys' fees and costs, which is questionable as a matter of law, the Court need not address this as ASF is not pursuing such, only the actual attorneys' fees/costs incurred. The Court thus limits its analysis to the propriety of a 25% interest rate per annum on the debt owed, pre and post judgment.

3

allowed by law -- for either a pre judgment and/or post judgment rate -- to show it is entitled to a 25% interest rate (as the lesser interest rate) -- and the Court will leave such interest rate "open" on a Judgment, particularly as to pre-judgment interest which is part of the damages awarded.

**Concerning pre-judgment interest**, there is no "federal statute mandating a method to calculate pre-judgment interest." Davidson v. Wordltex, In., 2011 WL 13232560, *2 (N.D. Ala. Jan. 6, 2011) (awarding pre-judgment interest at Alabama's 6% annual interest rate based on the applicable statute, Ala. Code § 8-8-1). However, such "awards .... are equitable remedies, to be awarded or not awarded in the district court's sound discretion[,]" which is "usually guided by principles of reasonableness and fairness, by relevant state law, and by the relevant fifty-two week United States Treasury bond rate, which is the rate that federal courts must use in awarding post-judgment interest." Indus. Risk Insurers v. M.A.N. Gutehoffnungshutte GmbH, 141 F.3d 1434, 1446 (11th Cir. 1998). See also Smith v. Am. Int'l Life Assur. Co. of New York, 50 F.3d 956, 958 (11th Cir. 1995) ("Section 1961(a) only mandates the rate for post-judgment interest; it does not speak to pre-judgment interest rates. There is no similar statute mandating the pre-judgment interest rate ..."[b]ecause district courts have discretion in determining pre-judgment interest rates, we hold that district courts are not required to use section 1961(a) in computing such interest[]"); Galbreath v. Hale Cty, Al. Commn, 2017 WL 11444386, *2-3 (S.D. Ala. Aug. 14, 2017) ("[i]n the absence of a controlling statute, the choice of a rate at which to set the amount of prejudgment interest is also within the discretion of a federal court." In re Int'l Admins. Servs., Inc., 408 F.3d 689, 710 (11th Cir. 2005). "That decision is usually guided by principles of reasonableness and fairness, by relevant state law, and by the relevant fifty-two week United States Treasury bond rate, which is the rate that federal courts must use in awarding post-judgment interest." Id....There

4

is no federal statute stipulating the prejudgment interest rate in this matter. Therefore, it is within the discretion of the Court as to the interest rate to apply[.]").

ASF has not identified an Alabama statutory interest rate, or any other proposed rate, for the undersigned's comparison to the requested 25% interest rate per annum, to determine the lesser. However, Alabama courts courts have cited Ala. Code Section 8-8-1 as "establishing the legal rate of pre-judgment interest at 6% per annum where no written contract controls the interest rate." Davidson, 2011 13232560 at *2 (citing Mega Life and Health Ins. Co. v. Pieniozek, 585 F.3d 1399, 1406-07 (11th Cir. 2009); Rhoden v. Miller, 495 So.2d 54, 58 (Ala. 1986); Burgess Min. & Constr. Corp. v. Lees, 440 So.2d 321, 338 (Ala. 1983)).  Specifically, Section 8-8-1 provides for the maximum rates of interest, explaining that the legal maximum interest rate, if agreed upon in writing is 8% per year, otherwise the maximum is 6% per year: "[e]xcept as otherwise provided by law, the maximum rate of interest upon the loan or forbearance of money, goods, or things in action, except by written contract is $6 upon $100 for one year, and the rate of interest by written contract is not to exceed $8 upon $100 for one year and at that rate for a greater or less sum or for a longer or shorter time."  Ala. Code § 8-8-8-1.  In this case, while the parties have a written contract which provides for 25% per annum interest, it only applies if such is the lesser of the "highest rate allowed by law." See, e.g., McLaurin v. Terminix Intl. Co. LP, 2020 WL 3650958, *5 (S.D. Ala. Jul. 6, 2020) ("[u]nder Alabama law, it is well established that pre-judgment interest at the default rate of 6% may be available in the breach of contract context where, as here, damages were reasonably certain at the time of breach. See Goolesby v. Koch Farms, LLC, 955 So.2d 422, 429 (Ala. 2006)[]"); Galbreath, 2017 WL 11444386 at *2-3 ("[i]n Alabama, prejudgment interest accrues on a breach of contract claim at a rate of 6% per annum from the date of the breach.

5

*Nationwide Mutual Ins. Co. v. Nall's Newton Tire*, 2015 WL 8207478, at *3 (S.D. Ala. Dec. 7, 2015); *see also Hand Arendall, LLC v. Joiner*, 2012 WL 4323190, at *1 (S.D. Ala. Sept. 20, 2012) (applying a 6% per annum interest rate to calculate prejudgment interest for a breach of contract claim); *Rhoden v. Miller*, 495 So. 2d 54, 58 (Ala. 1986) ("Where no written contract controls the interest rate ..., the legal rate of pre-judgment interest is six percent per annum.") ... the Court finds that the Alabama prejudgment interest rate is the more reasonable and fair rate to be applied[.]"). **Given the foregoing, it appears that ASF may be limited to a rate of pre-judgment interest of 6% per annum rather than the 25% per annum interest rate sought.  Additional briefing is necessary on the issue**.

**For post-judgment interest,** the relevant statute is 28 U.S.C. § 1961.  Specifically, Section 1961(a) (footnote omitted) provides as follows: "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court....Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding[] ... the date of the judgment." According to Federal Reserve Statistical Release H.15 dated December 13, 2022, the average 1–year constant maturity Treasury yield as of December 12, 2022 is 4.75%.  See https://www.federalreserve.gov/releases/h15/ (last visited 12/14/22).  **Based on the foregoing, it appears that post-judgment interest rate may be significantly less than the 25% interest per annum requested.  Additional briefing is necessary on the issue**.

Second, the only calculation details for the amount breach of contact damages sought, and submitted to the Court, is Doc. 11-5. Doc. 11-5 details the invoice balance and interest (25% pre-

judgment). *However*, Doc. 11-5 lists the amount of damages per the invoice balance as **$1,544,617.94 plus $93,817.12 in interest for a sub-total of $1,633,435.06** -- *and the invoice balance <u>includes</u> the following attorneys' fees and costs* $23,366.06, $1,408.88, $5,846.73, and $8,979.37 *<u>and</u> (apparently) interest on those attorneys' fees/costs*. The record also shows payments made by Soft-Tex to ASF on May 9, 2022 totaling $27,360. The total damages shown, as the outstanding balance owed by Soft-Tex as of June 6, 2022, on Doc. 11-5 is **$1,611,075.66 (**which *includes* interest on the invoice balance, attorneys fees/costs, *and* interest on attorneys' fees/costs). Given the foregoing, the Court cannot reconcile the sum requested presently $1,570,447.26 (characterized as *excluding* attorneys' fees and costs) with the sums sought in Doc. 11-5 which not only do not match the presently requested sum, but which also *include* attorneys' fees and costs *and* interest at 25% on those fees/costs (which ASF is not seeking based on the fees/costs requested --<u>see</u> *supra* note 2).

As such, ASF is **ORDERED** to file, on or before **December 28, 2022,** a Supplement: 1) regarding pre and post judgment interest, identifying the "highest rate allowed by law," any differing such rates sought, and/or why it is entitled to 25% per annum interest for same; and 2) explaining the discrepancies in the damages award requested as noted *supra* (or correcting said sums sought to the extent the discrepancies are inadvertent scrivener's error).

**DONE** and **ORDERED** this the **15th** day of **December 2022.**

<u>/s/ Kristi K. DuBose</u>
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**
